ORIGINAL

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. CR405-12 |
| ) | |
| DONALD LEE UBELE, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Defendant has filed a motion to suppress. Doc. 21. On June 22, 2005, the Court held an evidentiary hearing, at which time the government presented the testimony of ATF Agent Louis Valoze. For the reasons that follow, the Court RECOMMENDS that the motion to suppress be DENIED.

## I. BACKGROUND

On January 27, 2005, defendant was arrested by officers of the Savannah Chatham Metropolitan Police Department ("SCMPD"). After his arrest, defendant was transported to his residence, which had been the scene of a reported domestic dispute earlier that day. Agent Valoze was

already at the residence when defendant arrived with SCMPD officers. Apparently, Agent Valoze had been informed that defendant, a convicted felon, was in the possession of a number of firearms, which were stored in two safes.

When defendant arrived at the residence, Agent Valoze gave defendant a standard ATF waiver of rights form, which outlined defendant's rights under Miranda v. Arizona, 384 U.S. 436 (1966). Defendant read the waiver form and, without hesitation, signed it in two different places and agreed to speak with Agent Valoze.

At the time the waiver form was signed and thereafter, defendant did not ask any questions about his rights, never asked to stop the questioning, and never asked to speak to an attorney. Defendant was forthcoming in his answers and had no problems communicating with Agent Valoze. Defendant did, however, appear irritated and tense, and he complained that he needed back medication because of injuries to his back.

During this interview, defendant made incriminating statements regarding his possession of firearms. The government seeks to introduce these statements as evidence against defendant at trial. At the suppression

hearing, defendant argued that the statements should be suppressed on the ground that they were made in the absence of counsel and without an intelligent or knowing waiver of the right to counsel or the privilege against self-incrimination. In his written motion, he also argues that the statements were not made voluntarily.

## II. ANALYSIS

For a statement by a defendant to be admissible at trial, it must be "the product of an essentially free and unconstrained choice by its maker." Culombe v. Connecticut, 367 U.S. 568, 602 (1961). The statement "must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." Colorado v. Connelly, 479 U.S. 157, 163 (1986). In determining voluntariness, the Court must assess "the totality of the circumstances–both the characteristics of the accused and the details of the interrogation." Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973).

Coercive conduct normally involves an exhaustively long interrogation, the use of physical force, or the making of a promise to

induce confession. Connelly, 479 U.S. at 163 n.1; United States v. Jones, 32 F.3d 1512, 1517 (1994). Ultimately, the Court must determine whether the confession is the "'product of an essentially free and unconstrained choice by its maker' or whether the defendant's 'will has been overborne and his capacity for self-determination has been critically impaired.'" Devier v. Zant, 3 F.3d 1445, 1455-56 (11th Cir. 1993) (quoting Culombe v. Connecticut, 367 U.S. 568, 602 (1961)).

The Court finds that defendant's statements were made voluntarily, after defendant had been advised of his Miranda rights. Agent Valoze's uncontroverted testimony is that defendant was provided written notice of his Miranda rights, that defendant read those rights, did not ask questions about his rights, and, without hesitation, signed a statement waiving those rights. Defendant signed the form twice, including the provision agreeing to waive his rights, which reads in part: "I understand and know what I am doing. No promises or threats have [been] made to me and no pressure or force of any kind has been used against me. I hereby voluntarily and intentionally waive my rights, and I am willing to make a statement and to answer questions." Govt. Exh. 1.

Agent Valoze also testified that defendant was coherent and able to speak with the him. While he did appear irritated and tense, he had no problems communicating with Agent Valoze.[1] There is no evidence that defendant was threatened, that promises were made to induce defendant to make a statement, or that physical force was used against defendant. Under these circumstances, defendant was clearly informed of and understood his <u>Miranda</u> rights. His subsequent statements to the police were knowingly and voluntarily made. The motion to suppress these statements should be DENIED.

## III. CONCLUSION

For the foregoing reasons, the Court RECOMMENDS that defendant's motion to suppress be DENIED.

**SO REPORTED AND RECOMMENDED** this 23rd day of June, 2005.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Agent Valoze testified that both methamphetamine and oxycontin were found on defendant upon his arrest and that it was possible defendant consumed drugs prior to the interview. He indicated, however, that defendant gave appropriate and detailed responses to his questions and did not appear to be confused or disoriented in any way.