IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. CR405-012 |
| ) | |
| DONALD UBELE, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court are Defendant Donald Ubele's "Motion to Preserve and Stay 28 U.S.C. § 2255" (Doc. 88), "Motion to Clarify and Expand upon Petitioner's Motion for an Extension of Time Under Equitable Tolling" (Doc. 90), and "Motion to Expand and Clarify Petitioner's 28: U.S.C. 2255 Motion Along With Memorandum of Law" (Doc. 92). After reviewing all three motions, the applicable government's responses (Docs. 89 & 91), and this Court's August 29, 2008 Order (Doc. 93), this Court issues the following Order.

### BACKGROUND

Defendant was convicted of one count of possession of firearms by a convicted felon and one count of possession of an unregistered machine gun on May 22, 2006. Defendant's conviction was affirmed by the Eleventh Circuit on February 2, 2007. Subsequently, the United States Supreme Court denied Defendant's petition for certiorari on

June 4, 2007,[1] finalizing the Defendant's conviction and starting the one-year limitation period for the filing of his § 2255 petition.

On May 28, 2008, seven days before his one-year filing period expired, Defendant filed a "Motion to Preserve and Stay 28 U.S.C. § 2255." (Doc. 88) ("Motion One"). This document asked for both an extension of time, and promised to supplement itself at a later date. (Doc. 88.) Defendant next filed a "Motion to Clarify and Expand upon Petitioner's Motion for an Extension of Time Under Equitable Tolling," on July 23, 2008. (Doc. 90) ("Motion Two"). This document provided an expanded explanation as to Defendant's claim for equitable tolling of the statute of limitations for filing his § 2255 action. At this time, no substantive § 2255 petition had been filed. The Government responded on July 28, 2008, asking that Defendant's initial petition be construed as a § 2255 petition and then be referred to the magistrate judge for a determination on equitable tolling. (Doc. 91.)

On August 29, 2008, at 11:40 AM, the Clerk entered this Court's Order to open a civil case, construing Motion One as Defendant's § 2255 Petition. An hour and forty

---

[1] United States v. Ubele, 215 F. App'x 971 (11th Cir. 2007), cert. denied, 127 S. Ct. 2924, 168 L. Ed. 2d 252 (2007).

2

minutes earlier, at 10:00 AM, Defendant had filed a third motion, "Motion to Expand and Clarify Petitioner's 28: U.S.C. 2255 Motion Along With Memorandum of Law." (Doc. 92) ("Motion Three"). In this Motion, Defendant asserted several substantive § 2255 claims. Based on the timing, this Court did not have a chance to review Motion Three prior to issuing the August 29, 2008 Order.

## ANALYSIS

**A. The August 29, 2008 Order, Motion One, and Motion Two, in Light of Motion Three**

On August 29, 2008, prior to having a chance to review Defendant's Motion Three, this Court entered an order construing Defendant's Motion One as Defendant's § 2255 petition. (Doc. 93.) Defendant's Motion Three is his first and only filing to allege substantive grounds for § 2255 relief. Therefore, Motion Three is the document most appropriately and fairly understood as Defendant's main § 2255 petition.

When read together, Defendant's motions appear to be intended to make up a § 2255 petition that includes an argument for its timeliness based on equitable tolling. The piecemeal nature of Defendant's filings arises from his attempts to be as timely as possible. To that end,

3

Defendant filed each portion of his § 2255 petition as he received the time and information necessary to do so.

Because Defendant is proceeding pro se, this Court liberally construes his pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Accordingly, this Court will understand Defendant's Motions One and Two as a part of Defendant's Motion Three, creating a single § 2255 petition with a motion for equitable tolling.[2]

B. **Defendant's Equitable Tolling Claims**

A movant is entitled to equitable tolling when the untimely filing occurs "because of extraordinary circumstances beyond his control and avoidable diligence." Downs v. McNeil, 520 F.3d 1311, 1319 (11th Cir. 2008). The Eleventh Circuit recently instructed district courts to

---

[2] This Court is aware that at the time these motions were filed no substantive § 2255 petition was pending, and so at that time they could not be heard for lack of a case or controversy. Green v. United States, 260 F.3d 78, 82-83 (2d Cir. 2001), United States v. Chambliss, 1998 WL 246408 (6th Cir. 1998) (unpublished), United States v. Parker, 2008 WL 2902053 (N.D. Ga. 2008), Bowman v. United States, 2008 WL 3200689 (M.D. Fl. 2008). However, at this time, in this District, there is a substantive § 2255 petition pending from the Defendant. Once a substantive § 2255 petition is filed, the Defendant's claims for extended time may be heard. See Green, 260 F.3d at 82 ("[I]f or when [petitioner] actually files a § 2255 petition, the District Court and this court may consider his argument that [the § 2255 petition] should be considered timely."), Chambliss, 1998 WL at *1 ("The timeliness of a § 2255 motion can be addressed by the district court if and when a § 2255 motion is filed.").

apply a "fact-specific, case-by-case approach" to determine when attorney misconduct may meet this standard. Id. at 1322. In dictating the new rule, the Eleventh Circuit offered four examples of cases from other circuits where equitable tolling was applicable: "[cases] where the attorney has made misrepresentations to the client, disregarded the client's instructions, <u>refused to return documents</u>, or abandoned the client's case." Id. at 1321 (emphasis added).

Here, Motion Two asserts the third ground for equitable tolling in this recent opinion. (<u>See</u> Doc. 90.) Attached to this Motion was both a letter from petitioner[3] asking for his file and a copy of the prison mail log showing his file was not received until June 25, 2008, nearly a month after his time for filing habeas had elapsed. (<u>Id.</u>) The Government has promised to respond fully to the issue of equitable tolling, but only after they are ordered to do so. (<u>See</u> Docs. 89 & 91.) Although this Court is not ruling on Defendant's equitable tolling motions at this time, Defendant is entitled to attempt to show that he can meet the above standard.

---

[3] Petitioner has alleged that he sent many such letters and made analogous phone calls. (<u>See</u> Doc. 90 at *2.)

5

Accordingly, the Government is **ORDERED** to respond to Defendant's motions for equitable tolling, in full, no later than **thirty (30) days** from the date of this Order. Additionally, the Magistrate is **DIRECTED** to hold a hearing with respect to Defendant's motions for equitable tolling in due course.

**CONCLUSION**

After careful consideration, and in light of the above circumstances, this Court's prior order (Doc. 93) directing the Clerk to open a civil case construing Defendant's Motion One as a 28 U.S.C. § 2255 petition is **VACATED**. Accordingly, the Clerk of the Court is **DIRECTED** to **ADMINISTRATIVELY CLOSE** the civil case opened pursuant to that order, **case 4:08-cv-00172**.

As this Court has understood Defendant's Motion Three to be Defendant's § 2255 petition, the Clerk of the Court is **DIRECTED** to open a new civil case construing Defendant's Motion Three: "Motion to Expand and Clarify" (Doc. 92) as Defendant's 28 U.S.C. § 2255 petition. The Clerk of the Court is **FURTHER DIRECTED** to construe Defendant's Motion One: "Motion to Preserve and Stay 28 U.S.C. § 2255" (Doc. 88), and Defendant's Motion Two: "Motion to Clarify and Expand upon Petitioner's Motion for an Extension of Time Under Equitable Tolling" (Doc. 90) as part of Defendant's

28 U.S.C. § 2255 petition. The Clerk of the Court is **FURTHER DIRECTED** to consider all three documents filed as of August 29, 2008, the date Defendant filed Motion Three.

Additionally, after careful consideration of Defendant's claims for equitable tolling, the Government is **ORDERED** to respond to Defendant's Motions for equitable tolling, in full, no later than **thirty (30) days** from the date of this Order, and the Magistrate is **DIRECTED** to hold a hearing with respect to Defendant's Motions for equitable tolling in due course.

SO ORDERED this 8th day of September, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA