FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2015 NOV 18 AM 11:22
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA, )
)
v. )
)
DONALD LEE UBELE, ) CASE NO. CR405-012
)
Defendant. )
)

## ORDER

Before the Court is Defendant's Motion for Order to Clarify Judgment and to Correct Federal Records. (Doc. 165.) In the motion, Defendant requests that the Court reduce his sentence to time served. (Id. at 3.) For the following reasons, Defendant's motion is **DENIED**.

First, this Court lacks the authority to modify Defendant's sentence. The Court may modify an individual's sentence in three circumstances: 1) upon motion of the Director of the Bureau of Prisons due to extraordinary reasons or age, 18 U.S.C. § 3582(c)(1)(A); 2) to the extent permitted by statute or Rule 35[1] of the Federal Rules of

---

[1] Rule 35 of the Federal Rules of Criminal Procedure allow for a sentence to be modified in certain circumstances:
  (a) Correcting Clear Error. Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.
  (b) Reducing a Sentence for Substantial Assistance.

Criminal Procedure, 18 U.S.C. § 3582(c)(1)(B); or 3) upon reduction of a retroactive sentencing guideline range, 18

> (1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
> (2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>> (A) information not known to the defendant until one year or more after sentencing;
>> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.
> (3) Evaluating Substantial Assistance. In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.
> (4) Below Statutory Minimum. When acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute.
> (c) "Sentencing" Defined. As used in this rule, "sentencing" means the oral announcement of the sentence.

Fed. R. Crim. P. 35. None of these circumstances are applicable to Defendant's case.

U.S.C. § 3582(c)(2). None of these circumstances is applicable to Defendant's case as pleaded.

Furthermore, "[f]ederal courts have long recognized. . . an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." United States v. Jordan, 915 F.2d 622, 625 (11th Cir. 1990). In this case, Defendant's motion could be construed as an application for relief under 28 U.S.C. § 2255. However, Defendant has previously filed a § 2255 motion challenging his conviction, Ubele v. United States, No. CV408-178 (S.D. Ga.), rendering the current motion second or successive and filed without permission from the Eleventh Circuit Court of Appeals. 18 U.S.C. 2244(b)(3)(A).

SO ORDERED this 18th day of November 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3