# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

DONALD L. UBELE, )
      Movant, )
)
v. ) Case No. CV416-143
)          CR405-012
UNITED STATES OF AMERICA, )
)
      Respondent. )

## REPORT AND RECOMMENDATION

This Court has repeatedly denied Donald Ubele's 28 U.S.C. § 2255 and other post-conviction motions. *See, e.g.*, CR405-012, doc. 101, *adopted*, doc., 121; doc. 139 (second § 2255 motion), doc. 144 (advising dismissal as successive), *adopted*, doc. 148, docs. 160 & 161 (appeals dismissed); *see also* doc. 153 (Order denying his Fed. R. Civ. P. 60(b) motion). Now he's back with a third § 2255 motion, doc. 170, this time to exploit the new rule announced in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), made retroactive by *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016), and triggering a wave of successive § 2255 filings. *See, e.g., In re Fleur*, ___ F.3d ___, 2016 WL 3190539 (11th Cir. June 8, 2016), *In re Hines*, ___ F.3d ___, 2016 WL 3189822 (11th Cir.

June 8, 2016), and *In re Ricardo Pinder, Jr.*, \_\_ F.3d \_\_, 2016 WL 3081954 at * 1 (11th Cir. June 1, 2016).

Some of those successive-writ movants have succeeded in knocking on the appellate court's door. *See, e.g., In re Hubbard*, \_\_ F.3d \_\_, 2016 WL 3181417 at *7 (June 8, 2016) ("Because application of *Johnson* to § 16(b) as incorporated into the Sentencing Guidelines might render the career-offender residual clause that was applicable at the time Hubbard was sentenced unconstitutional, and because the rule in *Johnson* is substantive with respect to its application to the Sentencing Guidelines and therefore applies retroactively, this Court grants Hubbard's request for authorization to file a successive § 2255 motion.").

Ubele, too, must knock on the Eleventh Circuit's door. *See, e.g., In re Robinson*, \_\_ F.3d \_\_, 2016 WL 1583616 (11th Cir. Apr. 19, 2016). But given the time constraints illuminated by the concurrence in that case, *id.* at * 2 ("As best I can tell, all the prisoners we turned away may only have until June 26, 2016, to refile applications based on *Johnson*."), the Clerk should be **DIRECTED** to simply transfer his § 2255 motion directly to that court.

Finally, the Government's motion for probation records (doc. 162, filed in 2013) is **DENIED** as moot. Likewise **DENIED** as moot is Ubele's *in forma pauperis* motion. Doc. 171. No such filing fee is collected in a § 2255 case.[1]

**SO REPORTED AND RECOMMENDED,** this  13th   day of June, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] As another court recounts:

> The Eleventh Circuit Court of Appeals has definitively stated that the PLRA has no application to a habeas petition. *See, e .g., Skinner v. Wiley*, 355 F.3d 1293 (11th Cir. 2004), citing *Anderson v. Singletary*, 111 F.3d 801, 803-05 (11th Cir.1997) (holding that the PLRA's filing fee provisions do not apply in §§ 2254 and 2255 petitions); *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir.2001) (stating that the PLRA does not apply to § 2241 petitions); *Walker v. O'Brien*, 216 F.3d 626, 633-34, 636-37 (7th Cir. 2000) (holding that the PLRA does not apply to § 2241 and § 2254 petitions); *Blair–Bey v. Quick*, 151 F .3d 1036, 1040-42 (D.C.Cir.1998) (holding that the PLRA filing fee provisions do not apply to habeas petitions); *Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir. 1998) (holding that the PLRA does not apply to § 2241 petitions); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir.1997) (same).

*Chasteen v. Mitchem*, 2012 WL 3854573 at * 1 n. 3 (N.D. Ala. July 11, 2012); *see also United States v. Cole*, 101 F.3d 1076, 1077 (5th Cir. 1996). The Sixth Circuit instructs that, upon the *appeal* of a 28 U.S.C. § 2254 or § 2255 denial, fees must be collected under Fed. R. App. P. 24. *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997) ("Because we conclude that the filing fee requirements of the Prison Litigation Reform Act are inapplicable to § 2254 and § 2255, a prisoner who is unable to pay the required filing fees may seek leave to file an appeal in a § 2254 or § 2255 action pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure.").