IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                      ) | CASE NO. CR405-012 |
| ) | |
| DONALD LEE UBELE,       ) | |
| ) | |
| Defendant.          ) | |

### O R D E R

Before the Court is Defendant Donald Lee Ubele's Petition for Judicial Recommendation (Doc. 196), which the Government has opposed (Doc. 197). After careful consideration, Defendant's motion (Doc. 196) is **DENIED**.

In February 2006, Defendant was found guilty by a jury of possession of a firearm by a convicted felon and possession of an unregistered machine gun. (Doc. 70.) Defendant was sentenced to 262 months' imprisonment. (Doc. 75 at 2.) According to the Federal Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at Federal Correctional Institution ("FCI") Marianna, located in Marianna, Florida, with a projected release date of December 28, 2023. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on Feb. 8, 2022).

Relying on the Second Chance Act of 2007 and 18 U.S.C. § 3621(b)(4), Defendant asks the Court to recommend to the BOP

that he be given "the statutory maximum allowable time" in a residential reentry center ("RRC"). (Doc. 196 at 1, 2.) The Government has interpreted Defendant's motion as a request "to recommend to the [BOP] that he be placed in a residential re-entry center[.]" (Doc. 197 at 1.) The Government argues the Court should deny Defendant's motion because the Court lacks jurisdiction to modify Defendant's sentence and Defendant has not demonstrated that he exhausted his administrative remedies. (Id. at 2-3.) Although the Court finds that it does have authority to grant Defendant's motion, it declines to do so in this case.

While a district court has no authority to "**order** the Bureau of Prisons to release Defendant to halfway house[,]" United States v. Lovelace, No. 1:12-cr-402-WSD-GGB-01, 2014 WL 4446176, at *2 (N.D. Ga. Sept. 9, 2014) (emphasis added), federal law provides that the Court may make certain recommendations to the BOP, including "the type of penal or correctional institution that is appropriate." United States v. Baker, No. 3:01cr94-01-MHT, 2013 WL 355867, at *1 (M.D. Ala. Jan. 29, 2013) (citing 18 U.S.C. § 3621(b)(4)(B)); United States v. Martin, 877 F.3d 1035, 1036-37 (11th Cir. 2017) (per curiam) (recognizing the sentencing court's ability to issue a non-binding recommendation to the BOP regarding a defendant's placement in a RRC). However, "the recommendation has 'no binding effect.' " United States v. Sanford, No. 1:03-cr-00053-JAW, 2021 WL 4342316, at *2 (D. Me. Sept. 23, 2021) (citing

2

18 U.S.C. § 3621(b)). In the Court's opinion, Defendant seeks a judicial recommendation to the BOP, not an order directing the BOP regarding his placement.

Nevertheless, the Court believes

> [t]he length of time an inmate should reside in a reentry center after a period of incarceration seems . . . to fall more squarely within the BOP's penological expertise than within this Court's judicial experience. In addition, the BOP has at all times many inmates eligible for assignment to residential reentry centers and how the BOP applies the statutory criteria of 18 U.S.C. § 3621(b) among its inmates and designates them for placement in specific residential reentry centers are matters within the BOP's institutional expertise and statutory authority.

Id. at *3. Accordingly, because "the Court concludes that the BOP is better able than the Court to assess [Defendant's] current suitability for a halfway house and to prioritize him for placement among its inmate population," the Court **DENIES** Defendant's request for a judicial recommendation. Id. at *4.

SO ORDERED this 8th day of February 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3